SULLIVAN, Justice,
dissenting.
I agree with the Court's discussion of the allocation of the burden of proof in such proceedings, but I respectfully dissent both from its conclusion. that the State met its burden and from its conclusion that Runyon did not.
First, I do not agree that the State met its burden of proving that Runyon's failure to pay was "reckless, knowing, or intentional" simply because he admitted that he had violated his probation conditions and failed to make the required payments.
Second, I believe Runyon sufficiently established his inability to pay. He explained that his failure was a result of job loss in the recreational vehicle industry, inability to obtain new employment in the difficult economic environment, and extremely low wages when he had been working. Despite his low-paying employment and periodic layoffs, he had managed to pay more than half of his child support obligation in 2008. The record establishes that he had no ability to pay his child support obligations in 2009, as he had been unemployed and receiving minimal unemployment benefits.
*619 While I agree that Runyon was out of compliance with the terms of his probation, I do not believe that it was lawful to order incarceration on these facts.